CaeutheRS, J.,
delivered the opinion of the court.
This is an appeal in error from the circuit court of Jackson county. The action was for a malicious prosecution, and a recovery of $400 damages.
*230 The first error assigned is npon a question of evidence. The plaintiff below was permitted to introduce parol evidence of the contents of a peace warrant upon his own affidavit; that it had been lost or mislaid; that he has caused Ms counsel and the clerk of the court to make diligent search for it; and that his counsel, having it before him when he drew the declaration, has correctly-recited it therein; and the evidence of the clerk of the court, that he had made diligent search for it in his office, but could not find it; “and that Mr. Spurlock, plaintiff’s attorney, took said warrant out of the office, and he had not seen it since.” The affidavit of Spur-lock was then read, and decided by the court correctly to be competent to show the loss, although it was objected to on the ground that he was security for the cost. The affidavits of a party being competent, surely the interest of his security for costs does not render Mm incompetent. But all that either can be allowed to prove is the loss of the papers, not their contents any further than may be necessary for description or identification; the secondary evidence of the contents, goes to the merits, and must come from disinterested witnesses.
But the plaintiff withdrew the affidavit of Spurlock, and without that the court allowed proof of the contents of the lost papers to go to the jury. In this we think there is error. Both the plaintiff and the clerk state that the papers were last seen by them in the hands of Spurlock. This rendered it indispensably necessary that the latter should be sworn, and account for their non-production, if in reach of process. 1 Green-leaf, § 558, page Y06-L If this was not necessary, it is easy to see how the valuable and primary rule of *231 evidence, that the best evidence in tbe power of tbe party shall be produced, might be evaded.
2. It is insisted that there is error in the charge of the court, for which we should reverse. The parts of the charge objected to is in these words: “If the defendant, maliciously and without probable cause, prosecuted the plaintiff upon a peace' warrant, and he was arrested, tried and acquitted on said warrant, the plaintiff would be entitled to recover; that if the plaintiff was tried upon the peace warrant and acquitted, such acquittal would be grima fade evidence of want of probable cause, but might' be rebutted by evidence showing that defendant had reason to fear, and did fear that Lambert would do him some harm or injury.” This is not correct in its application to the facts of the case before the jury. The prosecution, if it may be so called, was successful before the justice of the peace; he decided that the grounds laid were sufficient, and bound Lambert to appear at the nest term of the circuit court, and to keep the peace in the meantime; but when the court came on, he did not see fit to make application to bind him longer, and he was of course discharged. This is the acquittal referred to in the charge, and to which the rule of the law laid down was applied. If a peace warrant be taken out, the defendant arrested, and upon examination of the facts they are found insufficient, and he is discharged, this would be grima, fade evidence of want of probable cause, and when coupled with malice, would sustain the action for malicious prosecution, unless successfully rebutted by showing reasonable grounds for the apprehension of damage to person or- property on which the proceeding was instituted; *232 but here the action of the magistrate was in favor of the prosecution, and if any presumption would arise, it would be in favor of the existence of probable cause, instead of against it; but his Honor doubtless had reference to the disposition of the case in the circuit court, and must have been so understood by the jury. Here, the prosecutor making no application to continue the peace recognizance, the defendant was discharged. This cannot be regarded as an acquittal so as to have the force of raising the presumption of want of probable cause. It was, however, proper evidence to show another fact material for the plaintiff' to establish; that is, that the prosecution was at am, end. 2 G-reenleaf, § 452. In a criminal prosecution, that is, a charge made in the name of the State by warrant, presentment or indictment, that the defendant has committed some criminal act, the rule is, that in order to authorize a civil action for damages against the prosecutor, it must appear : 1, that the prosecution is ended; 2, that there has been an acquittal or final discharge; 3, that the charge was made through malice, and without reasonable or probable grounds to believe it true. The first and second requisites may be established by records of the courts; but that record in this case, was not even jyriana faeie evidence of the third, as charged by his Honor; it could not tend at all to prove a want of probable cause; was not even a circumstance from which it could be inferred. Malice may be and generally is inferred, and that correctly, from the want of any reasonable ground for the prosecution as the circumstances appeared to the prosecutor, or as they would have appeared by ordinary circumspection and diligence on his *233 part at the time he acted. Ve refrain from saying anything about the facts of this case, as it will have to be again tried. But for this error in giving undue force to the facts of the discharge of the plaintiff from the recognizance to keep the peace by. the circuit court, because the defendant did not desire to bind him further, and for the admission of secondary evidence of the contents of papers, without their loss- being sufficiently accounted for, we revérse the judgment and remand the cause.